UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARED HOTARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1634** |
| **PENNYMAC LOAN SERVICES, LLC** | **SECTION: "H"** |

### ORDER & REASONS

Before the Court is Plaintiff Jared Hotard's Motion to Remand (Doc. 6). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Plaintiff Jared Hotard brought this action in the 40th Judicial District Court for the Parish of St. John against his mortgage holder, Defendant Pennymac Loan Services, LLC. Plaintiff is the owner of property located at 3508 Main Street, LaPlace, Louisiana. Plaintiff alleges that his property sustained damage during Hurricane Ida and a subsequent fire. Plaintiff filed a claim with his insurer. However, Plaintiff's insurer was later "placed into receivership and the Louisiana Insurance Guaranty Association became responsible for Plaintiff's insurance claims."[1] Plaintiff and the Louisiana

---

[1] Doc. 1-1 at 5.

1

Insurance Guaranty Association settled his claims, but Defendant, as mortgagee on the property, was included as an additional payee on the settlement checks. Defendant removed this action based on the Court's diversity subject matter jurisdiction. Plaintiff now moves to remand. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[5] For removal to be proper, a defendant must also comply with the procedural requirements set forth in 28 U.S.C. § 1446.

---

[2] 28 U.S.C. § 1441.
[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[4] *Manguno*, 276 F.3d at 723.
[5] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

## LAW AND ANALYSIS

Plaintiff's Motion asserts that remand is proper because removal was untimely and, in the alternative, that the Court lacked subject matter jurisdiction at the time of removal. The Court will address each argument in turn.

### A. Timeliness

A defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[6] However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[7]

Prior to filing the instant action, Plaintiff sent a demand letter to Defendant, asking that Defendant endorse and return four settlement checks totaling $100,000 or to return $25,386.00 to Plaintiff's counsel and remit the balance to Plaintiff.[8] Plaintiff filed his state court petition on May 30, 2025 alleging violations of the Louisiana Unfair Trade Practices Act ("LUTPA") and seeking actual damages, treble damages under LUTPA, and attorney's fees.[9] On July 4, 2025, Defendant's counsel emailed Plaintiff's counsel, acknowledged Plaintiff's demand letter, and noted that after deducting $25,386.00 for

---

[6] 28 U.S.C. § 1446(b)(1).
[7] *Id.* at § 1446(b)(3).
[8] Doc. 6-4. Plaintiff's letter is dated April 10, 2025.
[9] Doc. 1-1 at 4.

3

Plaintiff's counsel, "there would be $70,552.66 net proceeds available to [Plaintiff]."[10] Plaintiff's counsel responded on July 11, 2025, confirming the balance owed to Plaintiff and offering to settle Plaintiff's claims for $90,552.66.[11] On July 18, 2025, Defendant sent two checks to Plaintiff's counsel in the amounts of $70,552.66 and $25,386.00.[12] Then, on July 23, 2025, Plaintiff withdrew his settlement offer and filed a motion for leave to amend his state court petition, seeking to abandon his LUTPA claims and assert class allegations against Defendant for violations of Louisiana Revised Statutes § 6:337.[13] Defendant removed this action on August 8, 2025.

In his Motion for Remand, Plaintiff argues that removal was untimely because the tolling of the 30-day removal window pursuant to 28 U.S.C. § 1446 began when Defendant sent its July 4, 2025 email regarding the available $70,552.66 in net proceeds. According to Plaintiff, the July 4, 2025 email establishes that Defendant had actual knowledge of the amount in controversy on that date. Further, Plaintiff asserts that Defendant had constructive knowledge of the amount in controversy as soon as Plaintiff filed his state court petition because Defendant received the April 10, 2025 demand letter and was in possession of the four checks that form the subject of this dispute. Defendant counters that removal was timely because the 30-day period prescribed by § 1446(b) commenced upon on its receipt of Plaintiff's July 11, 2025 email.

---

[10] Doc. 6-3.
[11] Doc. 6-5. The $90,552.66 settlement amount does not include the $25,386.00 claimed by Plaintiff's counsel.
[12] Doc. 6-6.
[13] Doc. 6-7. Plaintiff's state court motion to amend was set for hearing on September 16, 2025. Doc. 1-1 at 19.

The Fifth Circuit rejected Plaintiff's arguments in *Chapman v. Powermatic, Inc.*[14] In *Chapman*, the plaintiff argued that removal was untimely because the defendant had knowledge that the plaintiff's medical expenses exceeded the jurisdictional amount in controversy prior to suit.[15] Further, the *Chapman* plaintiff argued that once served with the initial pleading, the defendant must exercise due diligence to investigate the amount in controversy and timely remove.[16] Affirming the district court, the Fifth Circuit held that removal was timely because the initial pleading "did not reveal on its face that the amount in controversy was in excess of [the jurisdictional minimum]" and thus the 30-day time period for removal could not begin until the defendant received both the initial pleading and some "other paper from which it may first be ascertained that the case is one which is or has become removable."[17] In its analysis, the Fifth Circuit strictly construed the text of § 1446 and rejected the plaintiff's arguments regarding a defendant's actual and constructive knowledge.[18]

As in *Chapman*, this Court must first look to the face of Plaintiff's state court petition at the time of removal and then turn to any "other paper" *received* by Defendant after the filing of the initial pleading. The Court need not consider Defendant's actual or subjective knowledge regarding the amount

---

[14] *See generally* 969 F.2d 160 (5th Cir. 1992).
[15] *Id.* at 163–65.
[16] *Id.* at 161–63.
[17] *Id.* at 165; 28 U.S.C. § 1446(b)(3); *see also* Morgan v. Huntington Ingalls, Inc., 879 F.3d 602 (5th Cir. 2018) (holding that oral deposition testimony did not begin the tolling of the 30-day time period for removal because the defendant had not received a "written document or instrument.").
[18] *Chapman*, 969 F.2d at 163–165. The *Chapman* court noted that its reading promotes judicial certainty and efficiency.

5

in controversy. Plaintiff concedes, and this Court concurs, that the face of Plaintiff's state court petition does not indicate that the amount in controversy was met. Thus, Defendant was unable to remove the action until it received some "other paper" indicating the amount in controversy exceeded $75,000. The first document that Defendant *received* after Plaintiff filed its state court petition and that indicated that the amount in controversy exceeded $75,000 was Plaintiff's July 11, 2025 settlement demand email.[19] Defendant filed its Notice of Removal on August 8, 2025, squarely within the 30-day period beginning on July 11, 2025.[20] Accordingly, Defendant timely removed this action under § 1446.

**B. Amount in Controversy**

Having established that removal was timely, the Court moves to Plaintiff's alternative argument. Plaintiff asserts that the Court lacked subject matter jurisdiction at the time of removal because the amount in controversy was not met.[21] Plaintiff bases his argument on the fact that Defendant had voluntarily tendered a $70,552.66 check to Plaintiff and that Plaintiff had a pending motion in the state court proceeding wherein he sought to amend his petition. Plaintiff argues that these facts are relevant because the voluntary tender combined with the allegations in Plaintiff's proposed amended state court petition would mean that the actual amount in dispute at the time of removal would be lower than the court's jurisdictional threshold. Defendant

---

[19] Doc. 6-5. Although Plaintiff's email states that the balance due to Plaintiff is only $70,552.66, Plaintiff's state court petition seeks statutorily imposed treble damages and attorney's fees.

[20] Doc. 1.

[21] The parties do not dispute that the diversity of citizenship requirement of 28 U.S.C. § 1332 is met, and the parties are indeed diverse.

correctly counters that these facts are not relevant to the Court's inquiry, as the operative complaint controls.

Although Plaintiff's motion for leave to amend his petition was pending before the state court, Fifth Circuit precedent plainly instructs district courts to "consider the claims in the state court petition as they existed at the time of removal."[22] Defendant's tender of the $70,552.66 has no effect on the Court's jurisdictional analysis, as Plaintiff's state court petition still included claims intended to recover this amount. Accordingly, at the time Defendant filed its Notice of Removal, Plaintiff's state court petition, combined with Plaintiff's July 11, 2025 offer of settlement, established that the federal jurisdictional amount in controversy was met.

As Defendant "carried its burden of proving the jurisdictional amount," "the case should be remanded only if [Plaintiff] can prove to a legal certainty that [his] recovery will fall below $75,000."[23] Plaintiff's Motion does not argue that he would be unable to recover more than $75,000, only that Defendant was unable to meet his burden to remove based on the information presented in Plaintiff's July 11, 2025 email. Accordingly, Plaintiff has not proved to a legal certainty that his recovery will fall below the requisite jurisdictional amount.

---

[22] *Manguno*, 276 F.3d at 723; Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) ("The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint . . . all at considerable expense and delay to the parties and the state and federal courts involved.").
[23] *Manguno*, 276 F.3d at 724.

## **CONCLUSION**

For the foregoing reasons, the Motion to Remand (Doc. 6) is **DENIED**.

New Orleans, Louisiana this 28th day of January, 2026.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**